IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DVI FINANCIAL SERVICES, INC.** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-CV-3247 |
| | : | |
| **JEFFREY A. GOLDBERG, SOUND IMAGING** | : | |
| **CORPORATION, a New Jersey Corporation,** | : | |
| **GREENWICH LEASING GROUP, INC.,** | : | |
| a Connecticut Corporation, and JOHN and/or | : | |
| JANE DOES 1-20 | : | |

## ORDER

Plaintiff DVI Financial Services, Inc. commenced this action by filing a Complaint against Defendants Jeffrey A. Goldberg, Sound Imaging Corporation, Greenwich Leasing Group, Inc., and John and/or Jane Does 1-20 on May 28, 2002, alleging various fraud and RICO claims.

Defendants' counsel at the time, Joshua L. Dratell, Esquire, discussed a potential resolution of these claims with Plaintiff's counsel, Richard M. Beck, Esquire. On Thursday, June 27, 2002, however, Defendants replaced Dratell with Sean F. O'Shea, Esquire. Because Defendants' Answer was due that following Monday, July 1, 2002, O'Shea telephoned Beck to request a thirty-day extension of time within which to respond to Plaintiff's Complaint. Beck refused to agree to such request.[1]

Consequently, on July 1, 2002, O'Shea filed a Motion To Extend Time To Answer or Otherwise Plead to the Complaint. In the Motion, O'Shea moves for a forty-five day extension, and represents to the Court that he needs additional time because "[he] was just retained as counsel to Defendants, and prior counsel [had] not yet sent [him] the file in this case." (O'Shea

---

[1] Beck, however, did inform O'Shea that he would consent to a fourteen-day extension.

Aff. ¶ 10.)  Beck filed a Response in Opposition to Defendants' Motion, arguing that "the lengthy delay sought is simply unacceptable," and that Plaintiff "will suffer real prejudice" because "it seeks damages from [D]efendants in excess of $1 million" for the alleged fraud they committed, and because such a delay "could also provide the [D]efendants a further opportunity to conceal their fraudulent acts, or those of others."  (Beck Decl. ¶¶ 5, 7, 8.)

The Complaint makes serious allegations against Defendants, and Defendants should have the opportunity, through informed counsel, to respond to them.  Although Plaintiff certainly has an interest in the prompt resolution of its claims, the mere fact that it seeks a large recovery does not in itself demonstrate prejudice that would result from a reasonable extension of time.  Additionally, if Defendants did indeed use the extension as an opportunity to conceal their alleged fraud, as Plaintiff alleges they <u>could</u> do, they would face serious sanctions in addition to the damages requested by Plaintiff .  Given that O'Shea was retained by Defendants only five days before a response to the Complaint was due, and that he has not yet received the case file from Defendant's prior counsel, his request for a forty-five day extension is not unreasonable, and the Court will grant the Motion.  Defendants, however, have a corresponding obligation to ensure that their file is forwarded promptly to O'Shea so that the response may be prepared.  There will be no further extensions.

Accordingly, this _____ day of July, 2002, upon consideration of Defendants' Motion To Extend Time To Answer or Otherwise Plead to the Complaint and Plaintiff's Response in Opposition thereto, in the exercise of the Court's discretion pursuant to Federal Rule of Civil Procedure 6(b), **IT IS ORDERED** that the Motion is **GRANTED** and that Defendants shall file

a response to Plaintiff's Complaint on or before August 16, 2002.[2]

                                        **BY THE COURT:**

                                        _____

                                        **BRUCE W. KAUFFMAN, J.**

---

[2] O'Shea requests that the Court consider the Motion, "even though [he is] not licensed to practice" in the Eastern District of Pennsylvania. (O'Shea Aff. ¶ 11.) O'Shea represents that he contacted the Clerk's Office prior to filing the Motion and "was advised that, in view of the extenuating circumstances, the Court would accept [the Motion] for filing." (O'Shea Aff. ¶ 11.) O'Shea states that "he will retain local counsel as soon as possible." (O'Shea Aff. ¶ 11.) Because O'Shea received permission from the Clerk's Office and because Plaintiff has not raised any objection in its Response, the Court will waive application of Local Rule 83.5.2 for purposes of this Motion only. See Loc. R. Civ. P. 83.5.2 ("Attorneys who have not obtained plenary admission to practice in the Eastern District of Pennsylvania generally are prohibited from participating in any judicial proceeding in the District, including pretrial and posttrial matters."); see also Sinakin v. Havens, Civ. No,. 96-8199, 1997 U.S. Dist. LEXIS 8763, at *3 n.1 (E.D. Pa. June 13, 1997) ("[I]ndividual judges may waive application of particular local rules when the interests of justice so require."). O'Shea, however, must obtain local counsel or move for pro hac vice admission prior to filing Defendants' Response to Plaintiff's Complaint. See Sinakin, 1997 U.S. Dist. LEXIS 8763, at *3.